Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:   (702) 382-8135

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>                      Plaintiffs,<br>vs.<br><br>EMMANUEL ENVIRONMENTAL, INC. a foreign corporation; and ROMELLE EMMANUEL, an individual<br><br>                      Defendants. | Case No. 2:23-cv-01774-APG-MDC<br><br><br>**MOTION TO ENLARGE TIME FOR SERVICE OF COMPLAINT AND SUMMONS** |

Plaintiffs, the Boards of Trustees of the Construction Industry and Laborers Health and Welfare Trust, the Construction Industry and Laborers Joint Pension Trust, the Construction Industry and Laborers Vacation Trust, and the Southern Nevada Laborers Local 872 Training Trust ("Trust Funds"), respectfully request the Court enlarge the Trust Funds' period of service of the complaint and summons on Defendants Emmanuel Environment, Inc. ("Emmanuel Environment") and Romelle Emmanuel (collectively "Emmanuel Defendants").

1

27121151.1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

Pursuant to Federal Rule of Civil Procedure, a plaintiff has ninety (90) days to serve the complaint and summons on a defendant after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause, the Court may extend the time for service for an appropriate period of time. *Id.* "Generally, good cause is demonstrated 'where a plaintiff has shown diligent efforts to effect service.'" *Signature Surgery Ctr. LLC v. Cel Servs. Grp., Inc.,* No. 221CV00215JCMEJY, 2022 WL 1432444, at *1 (D. Nev. Apr. 5, 2022) (quoting *Mitchell v. City of Henderson*, No. 2:13-cv-01154-APG-CWH, 2015 WL 427835, at *7 (D. Nev. Feb. 2, 2015)). Courts enjoy substantial discretion to enlarge the time for service for any reason, even if there is no good cause shown. *See id.*

Good cause exists here. The Trust Funds filed their Complaint on October 31, 2023, alleging claims for delinquent employee benefit contributions under the Employee Retirement Income Security Act of 1974 ("ERISA") and enforcement of a settlement agreement. (ECF No. 1.) In the beginning of this dispute, the amounts initially sought related to work performed by Emmanuel Environment in December 2022 and January 2023, but as described below, the Trust Funds discovered more delinquent contributions were due prior to filing the Complaint. *See* Ex. 1 (Feb. 28, 2023, C. Humes Demand Letter); Ex. 2 (Settlement Agreement). When the Complaint was filed, the Trust Funds attempted to serve Emmanuel Environment's registered agent, but the address listed with the Nevada Secretary of State was not a valid address. Ex. 3 (Nov. 18, 2023, Aff'd of Due Diligence).

Shortly before filing the Complaint, the Trust Funds completed a contract compliance review ("Audit") of Emmanuel Environment, which revealed substantial additional delinquent employee benefit contributions. *See* Ex. 4 (Oct. 31, 2023, C. Humes Demand Letter). After a demand was sent, the Emmanuel Defendants approached the Trust Funds on November 10, 2023, about establishing a revised payment plan and settlement agreement for all amounts owed, wherein the Emmanuel Defendants would pay $10,000 until the balance owed was reduced to zero. Ex. 5 (Nov. 10, 2023, R. Emmanuel Email).

The Trustees of the Trust Funds approved revising the settlement agreement in an effort to work with Emmanuel Environment to resolve this dispute. On December 11, 2023, the Trust

Funds' counsel sent a revised settlement agreement to the Emmanuel Defendants. Ex. 6 (Dec. 11, 2023, C. Humes email); Ex. 7 (Revised Settlement Agreement). Although the Emmanuel Defendants never executed the settlement agreement, they did make an initial settlement payment of $10,000. Ex. 8 (Wells Fargo Notice of Insufficient Funds), at 2. Given the agreement to enter into a revised settlement agreement and the provision of the first settlement payment, the Trust Funds withheld service of the pending Complaint.

Unfortunately, on December 26, 2023, the Trust Funds received notice that the $10,000 was returned for insufficient funds. *See id.* at 1. The Trust Funds attempted to give the Emmanuel Defendants the opportunity to cure by January 2, 2024. Ex. 9 (Dec. 27, 2023, C. Humes Email). The Emmanuel Defendants reported that they would provide a cashier's check to cure the payment rejected for insufficient funds, but that never occurred. Ex. 10 (Dec. 28, 2023, R. Emmanuel Email).

After the Emmanuel Defendants failed to cure the returned check and because Emmanuel Environment's resident agent's address had proved invalid, the Trust Funds attempted to serve an alternate address, 4550 Donovan Way, Ste 114, North Las Vegas, NV 89081, which is listed on all of the Emmanuel Defendants emails. Unfortunately, that address is not valid either. Ex. 11 (Jan. 12, 2024, Aff'd of Diligence). The Trust Funds have requested a valid address from the Emmanuel Defendants, but have not received a response. Ex. 12 (Jan. 23, 2024, C. Humes email).

The Trust Funds therefore respectfully request the Court to enlarge the period to serve the Emmanuel Defendants. The Trust Funds have not failed to serve the Emmanuel Defendants due to delay or lack of effort. Instead, the Trust Funds were continuously trying to work with the Emmanuel Defendants to resolve this dispute through multiple communications and sustained efforts to revise the settlement agreement and put Emmanuel Environment on a payment plan. When the Emmanuel Defendants provided a payment that was returned for insufficient funds, the Trust Funds again attempted to resolve this dispute amicably by providing the Emmanuel Defendants an opportunity to cure. After these efforts failed, the Trust Funds quickly attempted to serve the last remaining address the Trust Funds possess for the Emmanuel Defendants, but to no avail.

3

27121151.1

As such, the Trust Funds request an additional sixty (60) days, through March 24, 2024, to effectuate service on the Emmanuel Defendants. The Trust Funds will use this time to perform person searches through LexisNexis and conduct additional investigations in an attempt to find a serviceable address for the Emmanuel Defendants. If those efforts are unsuccessful, the Trust Funds will move this Court to permit service by publication prior to the expiration of the extended service period.

A Proposed Order is provided beneath the undersigned's signature block.

Dated: January 25, 2024.            BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Christopher M. Humes, Esq.
Nevada Bar No. 12782
William D. Nobriga, Esq.
Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:   (702) 382-8135

*Attorneys for Plaintiffs*

**O R D E R**

**IT IS SO ORDERED** that Plaintiffs' deadline to serve Emmanuel Environment, Inc., and Romelle Emmanuel is extended until March 24, 2024.

_____
**UNITED STATES DISTRICT/MAGISTRATE JUDGE**
**Date: 2/13/24**
**Case 2:23-cv-01774-APG-MDC**

4

27121151.1

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP and that on January 25, 2024, I served a true copy of the foregoing **MOTION TO ENLARGE TIME FOR SERVICE OF COMPLAINT AND SUMMONS** via the Court's electronic filing system and upon:

NO PARTIES ENTERED

**I declare under penalty of perjury that the foregoing is true and correct.**

/s/ Ebony Davis
An Employee of Brownstein Hyatt Farber Schreck, LLP

5

27121151.1